IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ERHOMOBHENE AZEKE,<br><br>   Petitioner,<br><br>   v.<br><br>ALBERTO GONZALES, Attorney General of the United States, et al.,<br><br>   Respondents.<br>_____/ | No. C-07-0709 MMC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; VACATING HEARING** |

Before the Court is petitioner John Erhomobhene Azeke's petition for writ of habeas corpus. Respondents have filed a return; petitioner has filed a reply. Having considered the papers filed in support of and in opposition to the petition, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), hereby VACATES the April 27, 2007 hearing, and rules as follows.

**BACKGROUND**

Petitioner, a citizen of Nigeria, was placed in removal proceedings on February 12, 2004, based on charges that he overstayed his visa and entered into a fraudulent marriage for purposes of obtaining a "visa or other documentation." (See Deiss Decl. Ex. A.) On January 18, 2005, an immigration judge ("IJ") ordered petitioner removed to Nigeria, finding the charge of overstaying a visa, but not the charge of marriage fraud, had been proven by

clear and convincing evidence.  (See id. Ex. E.)  With respect to the latter charge, however, the IJ stated that although the IJ was not "mak[ing] an outright finding" of marriage fraud, petitioner had "not testified credibly . . . , and there [was] some evidence that [he] engaged in fraud to obtain immigration benefits."  (See id. at 12-13.)  The IJ rejected petitioner's claims for asylum, withholding of removal, and voluntary departure, and noted that petitioner's testimony was internally inconsistent and conflicted with petitioner's own documents, that petitioner was evasive in answering questions, and that petitioner was not convincing "in any manner to which he testified."  (See id.)  In an order dated March 16, 2006, the Board of Immigration Appeals ("BIA") affirmed.[1]  (See id. Ex. F.)

On June 6, 2006, the Immigration and Customs Enforcement Agency ("ICE") detained petitioner pursuant to the order of removal; petitioner remains in custody.  (See Petition ¶ 16.)  On June 9, 2006, petitioner filed with the Ninth Circuit Court of Appeals a petition for review and motion for a stay of removal.  (See id. Ex. H.)  On October 20, 2006, the Ninth Circuit granted petitioner's motion for a stay of removal.  (See id.)  The petition for review remains pending before the Ninth Circuit.

**DISCUSSION**

On February 2, 2007, petitioner filed the instant petition for a writ of habeas corpus.  Relying on Zadvydas v. Davis, 533 U.S. 678, 701 (2001), petitioner argues that the government has unlawfully held him in custody for longer than six months without justification.

In Zadvydas, the Supreme Court addressed whether an alien subject to a final order of removal may be detained "indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal."  See Zadvydas, 533 U.S. at 682

---

[1] The BIA affirmed the IJ's denial of the asylum petition as untimely, found the IJ's denial of withholding of removal based on the adverse credibility determination to be supported by the record because of "significant discrepancies and inconsistencies that go to the heart of the respondent's claim," and found "no error" in the denial of petitioner's application for voluntary departure because "[t]he record establishe[d] that there [was] evidence showing that the respondent engaged in fraudulent activity to obtain immigration benefits."  See id.

2

(emphases in original). The Court noted that "[w]hen an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody." See id.; see also 8 U.S.C. § 1231(a). Although, by statute, certain categories of aliens "may be detained beyond the removal period," see Zadvydas, 533 U.S. at 682 (citing 8 U.S.C. § 1231(a)(6)), the Supreme Court, to avoid due process concerns, construed the statute to mean that such detention may not "exceed[ ] a period reasonably necessary to secure removal." See id. at 689-90, 699. In particular, the Court held that after a six-month period of detention pursuant to the issuance of a final removal order has elapsed and "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." See id. at 701. The alien may continue to be held in custody only "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." See id.

Contrary to the argument in the petition, as well as in defendant's opposition, Zadvydas does not apply in the circumstances presented here. As noted, Zadvydas addressed the length of time beyond the removal period that an alien may be held in detention. Here, as petitioner concedes in his reply, the removal period has not yet begun. Where a "removal order is judicially reviewed and if a court orders a stay of the removal of the alien," the removal period does not begin until, at the earliest, "the date of the court's final order." See 8 U.S.C. § 1231(a)(1)(B)(ii); see also Ma v. Ashcroft, 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) ("If the removal order is stayed pending judicial review, the ninety-day [removal] period begins running after the reviewing court's final order."). Here, as noted above, the Ninth Circuit has stayed petitioner's removal pending review of the removal order, and the petition for review remains pending before the Ninth Circuit. Consequently, there is no "final order" of the Ninth Circuit. As the removal period has not begun, the holding of Zadvydas with respect to the length of time an alien may be held in custody after

3

such period begins to run has no application to petitioner.[2]

In petitioner's reply, he argues, for the first time, that he should be released from custody pursuant to 8 U.S.C. § 1226(a), because the "government has not offered any reasons why Petitioner's release from custody would be dangerous to the community or that he is a flight risk." (See Reply at 7:11-12.) Pursuant to § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States"; pending such decision, the Attorney General may, inter alia, "continue to detain the alien" or release the alien on bond or "conditional parole." See 8 U.S.C. § 1226(a). The BIA has held that "[a]n alien generally is not and should not be detained or required to post bond except on a finding that he is a threat to national security, or that he is a poor bail risk." See Matter of Patel, 15 I&N Dec. 666, 666 (1976). Contrary to petitioner's argument, however, ICE expressly found petitioner to be "a prime candidate for flight risk" because of "his choice to enter into a sham marriage solely to circumvent immigration law" and his "attempts to deceive the United States Government through litigation determined by the IJ and BIA to lack consistency."[3] (See Deiss Decl. Ex. I at 7.)

Moreover, the Supreme Court has held that "[d]etention during removal proceedings is a constitutionally permissible part of that process." See Demore v. Kim, 538 U.S. 510, 531 (2003); see also id. at 526 (noting Supreme Court's "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). Although, as petitioner points out, the Sixth Circuit has held that, consistent with due process, "the INS may detain prima facie removable aliens for a time reasonably required to complete removal proceedings in a

---

[2] Moreover, the circumstances of the instant action are not remotely comparable to those at issue in Zadvydas, where the government had been unable to find a country to which the petitioners therein could be deported. Here, the sole reason for the government's delay in deporting petitioner is that petitioner sought, and received, a stay of removal from the Ninth Circuit.

[3] As noted, the IJ, in finding petitioner lacked credibility, found petitioner's testimony to be internally inconsistent and in conflict with petitioner's other evidence, and the Board of Immigration Appeals affirmed those findings.

4

timely manner," see Ly v. Hansen, 351 F.3d 263, 268 (6th Cir. 2004) (emphasis added),[4] the Sixth Circuit further noted that "[a] bright-line time limitation, as imposed in Zadvydas, would not be appropriate for the pre-removal period [because] hearing schedules and other proceedings must have leeway for expansion or contraction as the necessities of the case and the . . . judge's caseload warrant," see id. at 271.  Assuming, arguendo, the Ninth Circuit would follow Ly, petitioner's reliance thereon is unavailing.  The time petitioner has spent in custody is attributable to petitioner's appeal and there is no showing the resolution of that appeal has been delayed by reason of any lack of diligence on the part of the Government.  Indeed, the pendency of the appeal has been extended as a result of petitioner's request for an additional 60 days in which to file his opening brief, which the Ninth Circuit granted.  There is nothing unreasonable about the length of time petitioner's appeal has been pending and, consequently, nothing to suggest that petitioner has been detained for an unreasonable amount of time.

**CONCLUSION**

Accordingly, for the reasons set forth above, the instant petition for a writ of habeas corpus is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 25, 2007

MAXINE M. CHESNEY
United States District Judge

---

[4] The Court recognizes that Kim and Ly addressed detention pursuant to § 1226(c), which requires the Attorney General to take into custody any alien who is removable "because he has been convicted of one of a specified set of crimes." See Demore, 538 U.S. at 513.  Here, there is no contention that petitioner has been convicted of a crime, and, consequently, § 1226(c) does not apply; rather, § 1226(a) applies, which permits the Attorney General to release aliens, other than those within the scope of § 1226(c), pending completion of removal proceedings.